OrmioN op the Court.
John Dozier filed his bill in chancery against Amos, and Gustavus Edwards, late partners in merchandizing, alleging that lie and a certain Talliafero Reno, joirdly, *68 purchased of the said Á. and G. Edwards', a quantity oí' goods, to the amount of about ,SO,000: that they bad. paid, at different times, in cash, about ,000, for which they had receipts and letters acknowledging payment: that a certain William Crop was indebted to him, Do-Kier, and he took a note for the debt, payable to the said A. and G. Edwards, which they received as the-payment of so much, being $123 32; that two judgment?. in favor of Re.no, amounting to .$95 85, were also as-» signed in payment; that he, Dozier, paid .$2,045, fur which he had no receipt, but an account of the articles and payments composing it, 'is annexed, as part of the bill; that he and Reno jointly paid $2,352 45 1-2 in. bacon, pork and tobacco, as per receipt exhibited; that at the request of the defendants, lie bought for them 13537 pounds of tobacco, and forwarded it to New-Orleans, to their agent there, and the receipt of the agent was obtained and delivered to the defendant.-, amounting to $47G 88; that he paid a certain Cornelius Davis $54 75, at the request of the defendants, and, lookup their note, which is exhibited; that at the request of G. Edwards, ouo of the defendants, he paid to William Crop and Jesse Rene, ware-house arid inspection fees amounting to $25. lie lastly charges, that in the year 1819, Amos Edwards requested him to buy tobacco for him, winch he did to the amount of 7G79 pounds, amounting to $500, which the defendants failed to taire away, and it lay in his possession; and that he had bought it for the purpose oí paying iLc balance of the debt due the defendants.
fie then states that all these accounts arc unsettled; but that the defendants, A. and G. Edwards, had prosecuted their suit at’law fi.r a balance, and he being advised that a court of equity was the proper place to settle their accounts, srilercd judgment to go against him for a balance of $2,031 58 1 — 1, with interest from the 15th of August 18 ¡8 until paid, and costs.
He makes A. and G. Edwards defendant?; prayed for and obtained an injunction, and a settlement of the accounts a-ad a perpetual injunction.' Reno is not: made a'party, either as complainant or defendant.
Tiie defendants, in their answer, admit the purchase of ffoods; but contend that the amount bought was not only “ about $0,000,’’ but equals $0,83(5 55 3 — 4; for the. whole of widen, they produce (he notes of Ronq *69 an.d Dozier, except the sum of-$459 61 1-2, for which they produce an account only, and on the largest of these notes was the judgment obtained for the balance aforesaid, which is- enjoined by the bill.
Thor admit that sundry payments, composing the credit of $1000 or upwards, were made, and exhibit a statemeut to show how it was given.. In the same statement they allege they have given all the credits to which the complainants arc entitled, except a small account for a boy and horse in their service, which they would have credited, had they known the amount. They suppose $5 reasonable, and offer that sum as a credit. They admit the credit through William Crop’s note, and show that it has been given. They likewise admits the Credit for the judgments in favor of Reno, assigned to them, ar.d show -¿hat they have allowed it. They absolutely deny the credit claimed by Dozier, of $2,645, for which he has no receipt, but only exhibits an account. They admit they gave the receipt claimed in the hill for $2,353 45; and as it was not hied, they require its production,-and state, that at the time it was given, a settlement look place between the parties, of the various credits claimed against the defendants on behalf of Reno and Dozier: that Reno exhibited a written account of the credits; that upon examining the accouftt, it was corrected by consent of parties, and several erroneous Items erased, and the account was then transcribed, emitting the errors, and containing the correct claims agreed upon, and at the foot of the account so transcribed, the receipt for $2,352 45 was given; that the original account, as erased and changed,, was retainedjhy them, and they exhibit it, erased and changed, fojJe compared with the receipt and transcribed account prefixed therein. These items included in this account in its original shape, and in its corrected and transcribed form, they aver will be found to be the same, or part of the same, contained in the other credits allowed to Reno and Dozier; hence, they require the production of the receipt with the account prefixed, to he compared with the other credits given. The credit claimed -for 9537 pounds of tobacco, they admit to be correct, and shew it to be given. Tliev also admit that cr,e of them gave or executed the note to Cornelius Davis for $54 75; but deny that they know that the complainant, Dozier, *70 bas paid it off, or purchased the note. If, however, he has done so, and will exhibit it, or deliver it to them, they profess themselves ready to allow it as a credit. They admit the claim of §25, for ware-house and inspection fees, and allege that it is embraced in the settlement with Reno, as shown by the receipt of §2,362 45. As to all that part of the bill which claims a credit for 7679 pounds of tobacco, claimed as purchased hy Dozier at the request of Arnos Edwards,in 18! 9, they deny that it was a partnership transaction, or in any way connected with the firm of A. and G. Edwards, and aver that the partnership was long before dissolved, ar.d that, ihat was an individuad transaction between the said Amos and Dozier. They, however, deny the charge to he correct, and state that the request of said Amos was made by letters written hytbim to Dozier, and in no other way, and they call for the production of (hose let tors. They deny that they have any knowledge that any tobacco was purchased by Dozier, according to the' request contained in these letters; and if there was any purchased, they deny that any notice thereof was given to the said Amos, or that any such tobacco lay on the hands of Dozier.
The court below decreed a perpetual injunction for the further sum of $15 50, and dissolved it as to the residue, with damages and costs; id reverse which decree, Dozier has prosecuted this writ of error.
Before we attend to the difference between the bill and answer, as to the sum due from Reno and Dozier to the defendants, and the difference in their statements as to the credits claimed, we will respond to a claim or two in the answer, not recited in the foregoing abridgment of the cause. It is contended, that a receipt, including, among other things, 1849 pounds of tobacco, at five cents per pound, ought to be excluded-from the. credits, because it was never received. In examining the proofs in the cause, we have not been able to dis-* cover any which shows a miscarriage in this quantity; and as the defendants have given their receipt therefor, we perceive no way of relieving them from it. A second claim is set up for five barrels of pork, at $14 per barrel, for which credit is allowed. The number ’ is, admitted to he received by the defendants; but they stale that, doubting of the size of each, it was expressly agreed, that Reno and Dozier should abide by the ip-, *71 apeciion of New-Orleans, where it fell short five bar- — ' reís. The receipt given on that occasion expressly shows the agreement tb abide by the inspection at New'Orleans; and the proof is, that on inspection there, it fell short four or five barrels. As the proof is not very positive on this subject, it will be safer to take the low-, est number, four. We conceive that the credit ought to be lessened for this amount, which will operate to increase the claim of the defendants to the amount of $56.
An account not mention-, etl in the bill but brought forward in the answer, increasing the demands of the plaintiffs at law, supported and allowed under the general requisition of the bill, that the defendants should exhibit a just account."
An account for goods sold and delivered, does not bear interest unless there is an agreement or understanding of the contracting parties, that it shall.
1. We will next attend to the difference between the bill and answer, in the amount of goods first purchased. The bill is not precise as to the quantity, stating it to be about $6,000. The notes adduced by the defendants show it tobe greater; and the only question that can arise, is as to the open account produced, which still increases the sum. The only proo1- showing that there was such an account, is a recent given by the defendants themselves, which expressiy recognizes the existence of such account, and engages a credit thereon. But as this receipt was accepted by Dozier, and is now produced by him as evidence, and as the bill is one to settle the accounts, and does not allege that the whole was secured by notes, it will not be attaching too much credit to the answer, when corroborated by this receipt, to say, that the account as exhibited and sworn to be just, in response to the bill, ought to be allowed as correct, as to all the articles therein contained. We, however, observe, that the defendants have annexed thereto an item of interest, amounting to $26 01. Such an account, under the repeated decisions of this court, does not bear interest by law, and it was necessary, to au-thorise the charge, that there should be some proof of an agreement or understanding that interest was to be paid. None such appearing, this item ought to have been expunged.
The next disputed credit claimed in the bill, is the account charged of $2,645, for which no receipt was given. This is denied, and there is no proof to support it, except as to such items as were taken into the receipt of $2,352 45 1-2. This receipt we are satisfied was given, on settling an account of credits claimed by Reno, in an account produced by him, filed by the defendants, and proved lobe in his hand writing'. This receipt, we conceive, wiUi&ut.preafsd error, oughl-to.be- *72 a quietus to all items claimed in Dozier’s account, and* also embraced in that exhibited by the defendants.
Partners ought all to join in a bill n equity, lor the settlement of a mercantile account.
The complainant ought also to be credited with the sum of five dollars for the services of a boy and horse tendered in the answer, and also with §54 75, the note of Davis, the note being produced and credit being offered upon that condition.
We discover, also, that one of the letters of the defendants, under date of the 25th May 1817, acknowledges the receipt in money or bank notes, of §146; which credit we do not find allowed in the credits of the defendants. It is true, that the same amount is credited on one of the notes of Reno and Dozier, of §854 25; hut the date of this latter credit, is the Gth of June 1816, too widely different from the date of the letter, to he presumed the same. It is highly improbable,, that the defendants, after receiving the money at’ so late a period, should credit it so early, and thereby extinguish the accruing interest. It is, therefore, correct, on the present state of the record, to allow both.
Another error is perceived in appropriating the credits by the defendants, and allowed by the court below. Moneys paid in different sums and at different dates, arc applied to the discharge of the open account, still leaving that part of the debt bearing interest, due. 'Whether credits not expressly applied by Dozier or his partner, ought to be applied of course to discharge that part which bears interest by law, we need not now determine ; for on the face of the receipt for §2,352 45 1-2 cents, it is expressly agreed, that it shall be applied to the note and account. TV discharge the account, then, without interest, so much of this receipt ought to he applied, and the residue to the notes; and the money appropriated in discharge of the account, ought, at its proper dates, to be applied to the notes.
2. This transposition of credits, added to the ether errors noticed, must, of necessity, produce a reversal of the decree; and as the decree is to be reversed, it is necessary/we should go back in the record, and notice the first error, which is committed by the complainant below himself, and which, if his bill had been dismissed, would have precluded him from any redress; that is, the want of Reno as a party. He is indubitably necessary, as credits are claimed through him. He is a partner of the complainant — :ajoint obligor in the notes— *73 and cannot be bound by the decree, unless hé ishefore the court. This will take the cause back to an early stage, and may admit new testimony; in which event the court below cannot be bound by any thing we have decided on the facts, if the facts then appear different from what they now do. Nor ought any thing in this opinion to be so construed as to compel the court to retain more by the injunction, than may be necessary to do justice to the complainant, as the cause, through his error, has progressed so far without being in a situation for a final decree.
The decree must, therefore, he reversed with cost's* and the cause be remanded, with directions to that court to dismiss the bill without prejudice, unless, upon a reasonable time given, the complainant shall so amend bis proceedings, as to bring Reno before the court.